Louise A. Gardner, Co-Executor of the Estate of Adelaide E. White, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 41319.   Promulgated April 6, 1931.

*O. Walker Taylor, Esq.,* and *Everett S. White, Esq.,* for the petitioner.

*John E. Marshall, Esq.,* and *P. M. Clark, Esq.,* for the respondent.

OPINION.

SMITH: The petitioner is contending that the respondent has failed to allow the deduction from the gross estate of the value at which certain of the above described items of property, or property for which they were received in exchange, were included in the estate of the prior decedent, Robert H. White. Section 303 of the Revenue Act of 1924 provides in part:

For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—

■     *     *     *     *     *     *

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * *

The principal controversy here is with respect to the proceeds of the insurance policies that were received by the decedent from the prior estate. The evidence shows that the decedent received from this source cash in the amount of $89,761.30. She deposited $28,000 of this amount in various savings banks, where it remained until her death and was included in the value of her estate. She invested $50,244.80 in Liberty bonds, $2,000 in bank stocks, and $122.25 in railroad stock, all of which securities she owned at the time of her death and all of which were included in her gross estate at values equal to or in excess of their cost to her. The question now arises as to what part of these amounts represent the value of property which was included in the gross estate of the prior decedent or which was received in exchange for such property.

The estate tax return filed on behalf of the Robert H. White estate shows insurance policies aggregating $99,665.02, including the annuity policy at a value of $7,662. Of this amount $97,423.30 was payable to the decedent and $2,241.72 to other beneficiaries. The return shows that the statutory exemption of $40,000 was applied against the total amount of insurance, so that only $59,665.02 of the $99,665.02 was included in the prior decedent's gross estate. The decedent's proportionate part thereof is $\frac{97,423.30}{99,665.02}$ of $59,665.02, or $58,323, which is the amount deductible from her gross estate.

The petitioner contends that the amount of the deduction should be computed without allowance for the $40,000 exemption, or, in other words, that all of the insurance policies on the life of Robert H. White were included in his gross .estate and that the decedent's estate should be permitted to deduct so much thereof as has been identified in her estate. This argument is clearly contrary to the statute, which specifically provides that the value of the gross estate shall be determined by including the value of all property.

To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. (Sec. 302(g) of the 1924 Act.)

We have heretofore held in numerous cases that deduction may be taken of the value of property identified as having been received in exchange for other property, the value of which was included in the estate of a prior decedent who died within the five-year period, regardless of the number of exchanges that may have taken place with respect to the property. *Elmer E. Rodenbough,* 1 B. T. A. 477; *John F. Archbold,* 8 B. T. A. 919; *Arthur W. Bingham,* 15 B. T. A. 1001.

We think that the amount of the proceeds of the insurance policies deductible in determining the decedent's taxable estate is correctly arrived at by the method of proration employed.

The other items which have been identified as having been included in the prior estate, as above stated, are deductible from decedent's gross estate to the extent of the value at which they were included in the prior estate.

The decedent received cash in the amount of $2,250 representing her one-third interest in the proceeds from the sale of real estate which had been included in the prior estate at a value of $5,150. The amount thereof deductible from her gross estate is $1,716.67.

The petitioner concedes the correctness of the respondent's action in allowing the deduction from the value of the residue of the prior estate the amount of $57,156.91, the value at which the decedent's one-third interest therein was included in the prior estate.

*Judgment will be entered under Rule 50.*